# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| DESERAE TURNER, individually; M.T. and B.T., both minors, by and through their mother, LEKISHA TURNER; and J.T.M. and J.R.M., both minors, by and through their mother, JESSICA MURRAY; and JESSICA MURRAY, individually,<br><br>Plaintiffs,<br><br>v.<br><br>FLOYD COUNTY SCHOOL DISTRICT; and, DR. MELINDA STRICKLAND, BOARD CHAIR FLOYD COUNTY SCHOOL DISTRICT, Officially,<br><br>Defendants | Case No. 4:22-cv-00113-LMM<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT[1]

1.     This civil rights action is brought by five minor students at Coosa High School ("Coosa High" or "the school"), by and through their respective mothers, Lekisha Turner ("Ms. Turner") and Jessica Murray ("Ms. Murray") and Ms. Murray individually. Coosa High is a public educational institution maintained by Defendant Floyd County, Georgia Board of Education ("Defendant" or "the

---

[1] Plaintiffs file this Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a)(1)(B).

Board"). Dr. Melinda Strickland is the Board Chair; she is a policy-making officer of the Board, and is named in her official capacity.

2.     Defendant FCSD is a public school system vested with the constitutional duty "to establish and maintain public schools" within its geographical limits. Ga. Const. art. VIII, § 5 ¶ I. FCSD is governed by the Floyd County Board of Education, which is charged with the duty to maintain "management and control" of the FCSD school system. Ga. Const. art. VIII, § 5, ¶ II. The discriminatory and unconstitutional actions of Coosa High are derived from policies adopted by Defendants. The conduct of Coosa High's administrators as described herein are also the acts and omissions of Defendants.

3.     Plaintiffs, who are African-American, challenge Coosa High's deliberate indifference to acts of racial animosity toward black students perpetrated by white students and teachers; as well as the school's viewpoint discrimination in its dress code and the inconsistent administration of disciplinary policies to the detriment of Black students. Defendants' conduct, as outlined herein, violates Plaintiffs' rights to Equal Protection under the Fourteenth Amendment; their right to free speech under the First Amendment; and their right to be free from race discrimination and retaliation under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*

4.     School administrators at Coosa High have engaged in an egregious pattern of deliberately ignoring Plaintiffs' complaints (and complaints from other Black students and their parents) about repeated incidents of racial intimidation and bigotry at Coosa High, which have included but are not limited to: a reenactment of George Floyd's murder in a school hallway; a student wearing a Confederate flag belt and addressing black students as "slaves"; a white student's brandishing of what appeared to be a whip and informing black students that "we used to whip you with this", or words similar; white students' open use of racial slurs, including "n*****"; the posting of racist remarks and threats on social media; and overtly racist remarks by white teachers.

5.     The school's dress code and disciplinary policies create an atmosphere where certain viewpoints including white nationalism and white supremacy are permitted but speech of an ideologically different viewpoint is expressly prohibited. The school's dress code is emblematic of these unlawful policies. Under the school's dress code, which is promulgated by the Board, school officials *permit* the wearing of any and all Confederate flag apparel (e.g. belt, hoodies, hats, the flag itself) but simultaneously *prohibit* the wearing of any and all "Black Lives Matter" or related thematic messaging (e.g. a shirt with George Floyd's image).

6.      Similarly, while white students are permitted to make Snapchat posts stating they wish they "had a gun to kill n******", M.T. was told that if she continued to post about racial discrimination at the school, she would be expelled.

7.      In October 2021, during the school's Spirit Week, the school's flagrant viewpoint discrimination came into acute focus.  That week a group of white students were permitted to carry a large Confederate flag[2] around school grounds *for the course of an entire day* without any repercussions.  In response to this incident, a racially diverse coalition of students banded together to protest the Confederate flag and its invocation to them of a pro-slavery, anti-black ideology and Coosa High's tolerance of the symbol.  The protest was scheduled to take place in between classes during breaks and off school grounds, and was therefore calculated to be non-disruptive.

8.      However, the school forcefully acted to shut the protest down before it even began. The day before the scheduled protest, the school issued an announcement over the intercom that the protest was prohibited and that students in possession of a flier could be subjected to discipline.  The school imposed disciplinary sanctions exclusively against Black student organizers of the protest despite the equal participation in the planning of the event by white and non

---

[2] The flag referenced was the flag of a violent insurrection against the United States and its Constitution between 1861 and 1865 by a group of states that proclaimed themselves the Confederate States of America.

African-American students.  Consequently, Plaintiffs Deserae Turner, M.T., B.T., and J.R.M. all received five-day suspensions for their role in planning the protest; while white student organizers who helped organize the protest and distribute flyers, and who even ran through the halls screaming "Protest at Coosa tomorrow", failed to receive *any* discipline.

9.     The school's prohibition against students organizing a rally against  the Confederate flag and its punishment of *exclusively* the Black student organizers gained widespread national media attention.[3]

10.    Thereafter, the school engaged in retaliatory conduct against J.R.M., her sister J.T.M., and their mother Plaintiff Jessica Murray.  Following the thwarted protest, J.R.M. and J.T.M. received further discipline for such minor infractions as sitting with the wrong class during school programs in the gym.  Coosa High and the Board ***banned*** their mother, Plaintiff Jessica Murray, from school grounds --

---

[3]      See, e.g., Denise Dillon, *No Protest Allowed after Confederate Flag Spotted on High School Campus*, Fox5 Atlanta, Oct. 8, 2021, available at https://www.fox5atlanta.com/news/no-protest-allowed-after-confederate-flag-on-campus (last accessed March 21, 2022); Brad Reed, *Georgia School Suspended Black Students For Planned Protest Against Confederate Flag*, Salon, Oct. 13, 2021, available at https://www.salon.com/2021/10/12/*georgia-school-suspends-black-students-for-planned-against-flag_partner/#:~:text=Several%20Black%20students%20at%20the%20Coosa%20High%20School,brandishing%20the%20Confederate%20flag%20while%20hurling%20racial%20slurs* (last accessed March 21, 2022); Christian Spencer, *After White Students Displayed Confederate Flag at School, Black Students Suspended for Planning Protest*, The Hill, October 14, 2021, available at https://the hill.com/changing-america/respect/equality/576752-after-white-students-displayed-confederate-flag-at-school (last accessed March 21, 2022).

serving her with a letter threatening criminal trespassing charges on the same day it served her daughter J.R.M. with a suspension for planning the protest.

11.    Deserae Turner and the minor child Plaintiffs allege by and through their respective mothers, Lekisha Turner and Jessica Murray, (collectively "Plaintiffs") that Defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*., by disciplining them in retaliation for protesting what they reasonably believed was discrimination by the school, i.e, the condoning of anti-black viewpoints; and by selectively disciplining them on the basis of race, when white students similarly situated in all material aspects were not punished.

12.    Plaintiffs allege that Defendants have violated the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment, by the following acts: forbidding Coosa High students from wearing "Black Lives Matter" messaging to school, while permitting Confederate flag apparel; disciplining students for planning a peaceful protest that had been designed *not* to interfere with the school day; by not allowing students to hold a peaceful protest against imagery they perceived as anti-black racism; and by forbidding students from posting on social media content regarding racial animosity they had experienced at the school, while failing to discipline white students who made virulently racist comments on social media.

13.     Plaintiffs allege that Defendants have violated the Equal Protection Clause of the Fourteenth Amendment, by denying Plaintiffs the right to equal access to an educational environment free from harassment and discrimination on the basis of race.

14.     Among other relief as prayed for herein, Plaintiffs seek injunctive relief in this action, including an amendment of the school dress code to prohibit discrimination based on political or ideological viewpoints; and the expungement of the Plaintiffs' disciplinary records to remove all sanctions or discipline for planning the October 2021 anti-racism protests, and any discipline taken thereafter against Plaintiffs in retaliation for planning said protest.

## I.     **PARTIES**

15.     Plaintiff Deserae Turner is a legal adult and an eighteen-year-old Black student at Coosa High.  She lives in Cave Springs, Georgia.

16.     M.T. is a sixteen-year-old black student at Coosa High.  She lives in Cave Springs, Georgia, with her mother.

17.     D.T. is a sixteen-year-old black student at Coosa High.  She lives in Cave Springs, Georgia, with her mother.

18.     Plaintiff Lekisha Turner is the mother of M.T., D.T., and Deserae Turner.  Ms. Turner brings this action on behalf of her minor daughters. She is black.

19.    J.R.M. is a fifteen-year-old black student at Coosa High.  She lives in Rome, Georgia, with her mother.

20.    J.T.M. is a sixteen-year-old black student at Coosa High. She lives in Rome, Georgia, with her mother.

21.    Plaintiff Jessica Murray is the mother of J.R.M. and J.T.M. Ms. Murray brings this action on behalf of her minor daughters and alleges her own retaliation claim under the Speech Clause of the First Amendment. She is black.

22.    Coosa High is located at 4454 Alabama Hwy, Rome, Georgia, 30165, within Floyd County, and is a public educational institution maintained by the Floyd County Board of Education.

23.    Defendant FCSD is a public school system vested with the constitutional duty "to establish and maintain public schools" within its geographical limits. Ga. Const. art. VIII, § 5 ¶ I. FCSD is governed by the Floyd County Board of Education, which is charged with the duty to maintain "management and control" of the FCSD school system. Ga. Const. art. VIII, § 5, ¶ II.

24.    The Board maintains its administrative offices at 600 Riverside Parkway, N.E. Rome, Georgia, 30161-2938.

25.    Dr. Melinda Strickland is the Board Chair of Floyd County School District.

## II.    JURISDICTION AND VENUE

26.    This Court has general federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, as this case arises under federal law, namely Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* and the First Amendment of the U.S. Constitution.

27.    The Northern District of Georgia is a proper venue for this action, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claim took place in Rome, Georgia.

## III.    STATEMENT OF FACTS

28.    Deserae Turner, at the time of the filing of this complaint, is a junior at Coosa High. She is Black.

29.    M.T., at the time of the filing of this complaint, is a junior at Coosa High. M.T. is Black.

30.    B.T., at the time of the filing of this complaint, is a freshman at Coosa High. B.T. is Black.

31.    J.R.M., at the time of the filing of this complaint, is a sophomore at Coosa High. J.R.M. is Black.

32.    J.T.M., at the time of the filing of this complaint, is a junior at Coosa High. J.T.M. is Black.

33.     Kristen Martin, at the time of the filing of this complaint, is an assistant principal at Coosa High. Ms. Martin is white.

34.     Dr. Miriam McGhee, at the time of the filing of this complaint, was an assistant principal at Coosa High. Dr. McGhee is white.

35.     Judson Cox, at the time of the filing of this complaint, is the current principal at Coosa High; he began serving in the position effective July of 2021. Mr. Cox is white.

36.     LaDonna Turrentine is the former principal at Coosa High. She left the position effective July of 2021. Ms. Turrentine is white.

37.     Dr. Strickland, is the current Board Chair of Floyd County School District. Dr. Strickland is white.

38.     The Floyd County School District is a recipient of federal funds.

***Reports of Racial Animosity at Coosa High School and the School's Deliberate Indifference***

39.     Plaintiffs have experienced a pattern at Coosa High of overt bigotry and animosity by some white students and teachers against African American students. Plaintiffs have repeatedly reported instances of this open racism to school officials to no avail.  There is a custom of inaction in response to reports of racial harassment, as school officials have taken no actions to address or prevent reported incidents of intimidation and racial bigotry and, in some instances, have even catered to the perpetrators by disciplining black students who attempted to speak

out against racial animosity at Coosa High.  The inaction and catering to the perpetrators, discussed below, also illustrates a widespread custom of attempting to minimize (when not totally ignored), the racial harassment at the school.

40.    In late May of 2021, three students at Coosa High reenacted the killing of George Floyd in the school hallway.  Two white students played the role of police officers and a biracial student played the role of George Floyd.  One of the white students yelled out "I'm about to kill this n****" then put a knee on the biracial student's neck.  That student posted the reenactment to social media as part of a #Georgefloydchallenge. The incident was observed by school officials and no discipline occurred.

41.    This same white student has published other posts to the social media platform Snapchat, in which he uses the racial slur "n*****".  In one post he states that he wishes he "had a gun to kill all n******."  These posts have been shared with and reported to school officials.

42.    Deserae Turner and M.T. both reported the George Floyd reenactment to (then) Principal Turnertine.  M.T. in particular, manifested emotional distress at the episode. In response, M.T. was warned that she would need to get her emotions "under control" and was threatened with expulsion if she posted about the incident on social media.  Ms. Turnertine even expressed concern for the white student's safety if the incident was posted on social media.

43.     Plaintiff Lekisha Turner also reported the incident to Assistant Principal McGhee.

44.     Following this incident and other reports of racial animosity perpetrated by the white student who had participated in the reenactment and posted threats and racial slurs to social media, Coosa High School assigned a Resource Officer (what the school calls in-school police) to escort this white student to and from classes, for his safety. There is no evidence of similar protective actions to shield black students who might have been terrorized by a reenactment of the Floyd murder and/or a reference to killing blacks on this white student's social media.

45.     In early August 2021, M.T. also reported to Assistant Principal Martin that she had been called a n**** by an eleventh-grade white student, who held a Confederate flag over her head while he called her this racial slur. Martin's response was that M.T. should go back to class because she did not have proof of the incident.

46.     In mid-August 2021, a white student wore a belt with a Confederate flag belt insignia to school.  While students were waiting to catch the school bus, J.T.M. asked the student about his choice of apparel.  The white student stated in reply: "I cannot help that y'all were slaves and picking cotton," then proceeded to use the racial slur "n*****".  Upon information and belief, Assistant Principal Martin was within earshot and overheard this student's comments and use of racial

slurs.  Plaintiffs Turner and Murray also both separately reported the incident to Assistant Principal Martin.  Upon information and belief, no action was taken against this white student for either his racist remarks or his wearing of Confederate flag apparel to school.

47.     In late August or early September 2021, black students at Coosa High reported other incidents of racist remarks being posted by white students on social media.  Students told Assistant Principal Martin that yet another white student had posted racial videos on SnapChat, in which this student used the terms "nappy headed nigglets" and "n******" while laughing.

48.     This same white student also called M.T. and other Black students "gator bait" during class and while in the hallways. This term has a history as a racial slur.

49.     M.T. reported these comments by the white student to Ms. Williams, a substitute teacher who is white; Ms. Williams told M.T. that she should not be offended by the use of racial slurs.

50.     Black students, including M.T., continued to report this student's racist behavior to Assistant Principal Martin, who told M.T. that she should stop reporting such incidents.  Other Black students and their parents also continued to report comments made by this same white student.  In response, rather than discipline the

student, the school began having Resource Officers escort her to and from class for her "safety".

51.     Deserae Turner, M.T., and other Black students also reported to Assistant Principal Martin another white student at the school posting a picture on Snapchat of a Black baby in a bucket with the caption "Niglet for sale. $42.11 non-negotiable price. We suggest keeping him in a bucket because he runs away. Can grow up to 6'8 if there is no father figure." Ms. Martin told the students that there was nothing the school could do, although the posts were being shared and discussed on school grounds.

52.     This same white student also called B.T. and her friends "n******" in the school locker room; the incident was reported to school officials.

53.     Plaintiffs have also reported to school officials instances of racially biased behavior by teachers at the school.

54.     For example, Plaintiff LeKisha Turner reported to Assistant Principal that the substitute teacher Ms. Williams mused that she did not understand why white students could not use the word "n****".

55.     On information and belief, multiple complaints were made about Coach Ross, a social studies teacher, who would regularly invoke racial stereotypes by comments including asking the black students if they could swim and

commenting that as black people, they must love watermelon and could not refrain from eating fried chicken.

### Dress Code Policy

56.    Floyd County Board of Education maintains a dress code policy that prohibits "clothing [] that is viewed as distracting" or "other attire deemed to be indecent, inappropriate, or disruptive to the school learning environment."  Such violations are to "be addressed by school administrators on an as-needed basis" and where "questions arise, the principal, or designee, shall determine whether a particular mode of dress [] results in interference, disruption, unsafe conditions, or has an indecent or vulgar appearance." See Floyd County Schools 2021/2022 Student Handbook, Grades 8-12, available at FY 22 HS Handbook .pdf (schoolwires.net).

57.    Administrators at Coosa High have interpreted this district wide code to permit the wearing of Confederate flag apparel while construing it to prohibit students from wearing  "Black Lives Matter" messaging or images.

58.    White students at Coosa High regularly wear Confederate flag apparel such as Confederate flag hoodies, belts, and hats. Plaintiffs have seen white students wear some version of Confederate flag apparel to school almost every other day.

59.    The school permits faculty to display paraphernalia supporting former President Donald Trump.  For example, Ms. Clark, an algebra teacher, had a Trump

MAGA ("Make America Great Again") banner on display in her classroom for the calendar year 2021. At one point, after Trump's defeat in the 2020 election, a student asked Ms. Clark for whom she had voted, and the teacher responded by pulling out and holding up a banner that said "TRUMP" in large letters and exclaiming "Trump 2024, baby!"

60.     However, the school has expressly prohibited Plaintiffs for wearing Black Lives Matter messaging on the grounds that it is disruptive and controversial.

61.     For example, after M.T. wore a shirt to school with the acronym "BLM" (for Black Lives Matter), she was told by a school official that the shirt violated the dress code. She was told she had to wear the shirt inside out for the remainder of the day if she wanted to avoid being sent home or otherwise disciplined.

62.     As another example, J.R.M. wore a shirt to school with the image of George Floyd on it and was told the image was "distracting." Plaintiff Jessica Murray was called by school officials and told she would have to pick up her daughter if she continued to wear the shirt; J.R.M. turned her shirt inside out to avoid being sent home.

63.     Plaintiff Lekisha Turner made multiple complaints about the obvious viewpoint discrimination behind the application of the dress code. She was told by Assistant Principal Martin that while the dress code forbids any clothing that could

cause a disruption (and asserted to her that "Black Lives Matter" met the disruption standard), that the Confederate flag represents "heritage not hate" and is a point of pride rather than disruption.

64.     The intentional discrimination against black students at Coosa High School, as discussed above in this section and further below, stems from a widespread custom at Coosa High School selectively enforcing the official dress code policy of the FCSD based on the underlying viewpoint of ideology expressed: there is an unofficial policy or custom of tolerating viewpoints supporting white supremacy and nationalism, and an unofficial policy or custom of punishing viewpoints supporting racial equality or protesting racial bigotry and harassment. This unofficial policy or custom of selective enforcement has also furthered the widespread custom at the school of ignoring incidents of racial bigotry and harassment and contributed to creating a racially hostile environment.

### During Coosa High's "Spirit Week", Several Incidents Occur Related to Confederate Symbols

65.     In early October of 2021, Coosa High School conducts "Spirit Week", a homecoming style week with specific theme days such as "farm day".

66.     During "Spirit Week", one white student carried what appeared to be a whip around school on his shoulder.  When asked by a Black student what the whip was, the student replied "you should know what this is, we used to whip you (or y'all) with this."

67.     Later that week, on "Farm Day", two white students wore Confederate flag apparel, and several white students took turns carrying a large Confederate flag around campus the entire day.

68.     Deserae Turner, M.T., and D.T. reported the students carrying the Confederate flag around campus to Principal Cox. M.T. had earlier notified Ms. Martin at the end of homecoming week that this same student had been draped in a Confederate flag during the school day.

69.     J.R.M. also reported students carrying around the Confederate flag to school officials. Her mother, Plaintiff Jessica Murray, emailed Principal Cox that same day that a student was wearing a Confederate flag around campus.

70.     No action whatsoever was taken concerning the Confederate flag being carried by the white students.

### *Students Plan a Protest Against the Display of the Confederate flag at the School, and the School Disciplines and Retaliates Against Black Student Organizers*

71.     In response to white students wearing the Confederate flag to school during spirit week, and Coosa High's blatantly selective enforcement of its dress code regarding political or ideological speech, Plaintiffs M.T. and J.R.M and approximately two other students began to organize a peaceful protest against racism and the dress code at Coosa High School.

72.     The protest was scheduled to take place on or about October 8, 2021.
The students planned for the protest to take place during breaks between classes and
away from school grounds.  The students distributed hard copy flyers and posted a
virtual flyer about the protest on Snapchat to encourage other students to attend.

73.     Other student organizers joined to help post and distribute flyers and to
publicize the event. For example, two students (one who is Latino and another who
is white) helped distribute fliers in school hallways and the parking lot.  J.R.M. and
Deserae Turner both posted about the protest on their social media accounts.

74.     When the school administration learned of the planned protest,
however, the school immediately moved to stop it.

75.     The morning before the protest, Deserae Turner was called into the
principal's office.  Principal Cox told her that she could go to jail for instigating a
"riot".  Two Resource Officers were also present in Principal Cox's office for this
conversation, as well as Assistant Principal Martin; Plaintiff Deserae Turner felt
intimidated by the Resource Officers and school officials during this meeting.

76.     The principal of Coosa High School then made an intercom
announcement warning that the protest would not be allowed and that any student
participating in the protest would be disciplined.  The principal also ordered any
student in possession of a flyer to turn it over to the administration immediately, and
that the possession of the flyer was a basis for discipline.

77.     Deserae, M.T., B.T., and J.R.M. each received five-day suspensions for their roles in organizing the protest.

78.     However, the white students who planned the protest were not suspended.  At least one (of the approximately three) white student organizers even ran through the hallways yelling "Protest at Coosa tomorrow!" without any disciplinary action against them.

79.     The day her daughter was suspended, Plaintiff Jessica Murray drove to the school to pick up J.R.M. and Plaintiff Turner's daughters, Deserae Turner, M.T. and B.T.  On her way home, Ms. Murray was pulled over and detained by a police officer, until school officials arrived to serve her with her daughter's suspension papers.  School officials also served her with a letter, informing her that she was not allowed back on school grounds and that, if she were to be on Coosa High School grounds again, the police would be called and she would be charged with criminal trespass.

80.     Plaintiffs Jessica Murray and Lekisha Turner have both previously submitted several complaints of racial discrimination at the school to Coosa High School administration.

81.     J.T.M. and J.R.M. have been subjected to more retaliatory discipline since being disciplined for the planned protest. This discipline has included J.R.M. receiving a suspension for sitting on the wrong side of the gym (with the wrong

class) during homeroom and for attempting to call her mother, Plaintiff Turner, before being escorted to the principal's office for this infraction.

82.     Upon information and belief, a number of Black students have recently transferred out of Coosa High, due to the prevalence on campus of racist symbols and language and the school's widespread custom of deliberate indifference to it.

**COUNT I**
**(as to all Defendants)**
**Denial of Equal Protection**
**in violation of the Fourteenth Amendment to the U.S. Constitution**
**and 42 U.S.C. § 1983**

83.     Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

84.     Defendants have violated Plaintiffs' right to Equal Protection under the Fourteenth Amendment, by demonstrating a widespread custom of deliberate indifference to evidence of racist remarks and actions by white students and white teachers against them and for engaging in a custom of inconsistently applying Coosa High's disciplinary policies to the detriment of Black students, including Deserae Turner, M.T., B.T., and J.R.M.[4]

---

[4]     Under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978), Defendants may be sued under § 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Thus, the Monell standard permits § 1983 suit against Defendants upon allegations of constitutional deprivations that are perpetrated (a) pursuant to an official policy, (b) "by an official fairly deemed to represent government policy", (c) or pursuant to "a custom or practice so pervasive and well settled that it assumes the force of law." Denno v.

## COUNT II
### (as to all Defendants)
### Infringement on Free Speech (by Dress Code and other Disciplinary Policies) in violation of the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983

85.     Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

86.     Coosa High's dress code, as originally adopted by Defendants and as it has been enforced, is unconstitutional because its custom of enforcement discriminates based on viewpoint in violation of the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

87.     Coosa High's enforcement of its social media policy, as originally adopted by Defendants and as it has been enforced, is also unconstitutional because

---

School Bd. Of Volusia County, Fla., 218 F.3d 1267, 1276 (11th Cir. 2000). See also Brown v. City of Fort Lauderdale, 923 F.2d 1474. 1481 (11th Cir. 1991) (finding that plaintiff's allegations of at least five instances of racial discrimination, where he had been "reprimanded or given negative evaluations for the same behavior" and defendant police chief had "knowledge of, and acquiesce[d to] those practices", to be "adequate to state a claim based on municipal custom") (reversing district court order dismissing § 1983 claim against the city). T.B. Indep. Sch. Dist. 112, No. 19-cv-2414 (MJD/BRT), 2022 U.S. Dist. LEXIS 139822, at *29-33 (D.Minn. Aug. 4, 2022) (denying defendant's motion for summary judgment and finding plaintiffs sufficiently alleged an equal protection claim where plaintiffs alleged that defendant maintained "a 'custom of inaction' in response to [racial] discriminatory incidents within its schools . . . and [] adopt[ed] inadequate training practices that caused Plaintiffs' constitutional injuries"); K.R. v. Duluth Pub. Sch. Acad., No. 19-999 (DWF/LIB), 2022 WL 2154970, *23-26 (D.Minn. Mar. 16, 2022) (denying defendant's motion for summary judgment and finding "a reasonable jury could conclude that [defendant] adopted an official policy or custom of deliberate indifference by effectively making an official decision not to remedy that hostile environment" where "there [was] ample evidence in the record that could lead to a finding that school officials did not treat racism with appropriate seriousness, and instead downplayed, minimized, and even ignored the serious nature of the racist comments by treating them ineffectively as 'learning opportunities'").

its custom of enforcement discriminates based on viewpoint in violation of the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

## COUNT III
**(as to all Defendants)**
**Infringement on Free Speech (for Punishment for Planned Protest)**
**in violation of the First Amendment to the U.S. Constitution and 42 U.S.C. §**
**1983**

88.    Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

89.    Defendants' discipline of Deserae Turner, M.T., B.T., and J.R.M. for planning a peaceful protest that would not have disrupted the school day, against a symbol that they perceived as reflective of a racist and white supremacist ideology (consistent with its custom of inconsistently applying Coosa High's disciplinary policies to the detriment of Black students and applying the FSCD dress code in a discriminatory manner), violates the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.[5]

---

[5]    Plaintiffs refer back to footnote 3, describing the custom or policy standard under Monell. See also Sagehorn v. Indep. Scho. Dist. No. 728, 122 F. Supp. 3d 842, 865-68 (D.Minn. Aug. 11, 2015) ("[plaintiff] has alleged more than a single act in this case by alleging School Defendants have disciplined 'at least two other students and perhaps more' for out-of-school speech . . . At this point, accepting [plaintiff's] allegations as true, the Court concludes that [plaintiff] has identified a possible custom in his complaint, which is sufficient to survive a Rule 12(c) motion. Thus, the Court will deny the School Defendants' motion for judgment on the pleadings as to Count III of [plaintiff's] complaint").

**COUNT IV**
**(as to all Defendants)**
**Race Discrimination**
**in violation of Title VI, 42 U.S.C. § 2000d**

90.     Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

91.     Defendants' widespread custom of failing to address incidents of racism by white students, including its specific discipline of Deserae Turner, M.T., B.T., and J.R.M. (but *not* white students) who planned to protest the school's dress code, violated Title VII, 42 U.S.C. § 2000d.[6]

**COUNT V**
**(as to all defendants)**
**Retaliation**
**in violation of Title VI, 42 U.S.C. § 2000d**

92.     Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

93.     Defendants' discipline of J.R.M. and J.T.M. and the retaliatory actions taken against them as well as their mother, Plaintiff Jessica Murray, for opposing racial animosity and reporting racial bias by students and teachers; as well as

---

[6]     The policy or custom standard articulated in <u>Monell</u> and cited <u>supra</u> note 3, applies in the Title VI context as well; the analysis that the allegations of (a) a widespread custom of deliberate indifference to racial harassment and (b) a widespread custom of selective enforcement of the dress code, extend liability to the FSCD in the equal protection context apply equally to the  Title VI claims. <u>Elston v. Talladega Cty. Bd. Of Educ.,</u> 997 F.2d 1394, 1405 n. 11 (11th Cir. 1993).

Defendants' subsequent failure to address incidents of racial animosity Plaintiffs

complained about, is part of Defendants' custom of deliberate indifference (and

tolerance of) incidents of racial harassment, and violates Title VI, 42 U.S.C. §

2000d.


## JURY DEMAND

Plaintiffs request a trial by jury on all claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Find and declare that Defendants' conduct, as described herein and taken against Plaintiffs, constitutes race discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

2. Find and declare that Defendants' conduct, as described herein and taken against Plaintiffs, violated Plaintiffs' right to Free Speech under the First Amendment of the U.S. Constitution;

3. Find and declare that the dress code as described herein, on its face, violates Plaintiffs' right to Free Speech under the First Amendment of the U.S. Constitution;

4. Find and declare that the dress code as described herein, on its face, violates Plaintiffs' right to Equal Protection under the Fourteenth Amendment of the U.S. Constitution;

5. Issue a permanent injunction, requiring Defendants to compel with federal law, including by enjoining the Defendants from any continuing punishment or sanction against Plaintiffs on account of their constitutionally protected speech and expunging from Plaintiffs' school records all references to the incidents in question;

6. Award damages that may be appropriate, in an amount to be determined at trial;

7. Award all costs and attorneys' fees incurred prosecuting this action;

8. Grant any other relief to which Plaintiffs may be entitled as this Court deems just and appropriate.

Dated: August 23, 2022.

Respectfully submitted,

DESERAE TURNER, individually; M.T. and B.T., both minors, by and through their mother, LEKISHA TURNER; and, J.T.M., and J.R.M., both minors, by and through their mother, JESSICA MURRAY; JESSICA MURRAY, individually.

By their attorneys,

/s/ Harry Daniels
**Harry M. Daniels**
The Law Offices Of Harry Daniels
233 Peachtree St NE Suite 1200
Atlanta GA 30303
404-620-6110
Georgia Bar NO. 234158
daniels@harrymdaniels.com

s/Artur Davis
Artur Davis
HKM Employment Attorneys LP
2024 3rd Ave. North Suite 307

Birmingham AL 35203
205-881-0935
(admitted pro hac vice)
adavis@hkm.com


Shannon Liss-Riordan
Anastasia Doherty
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(admitted pro hac vice)
sliss@llrlaw.com
adoherty@llrlaw.com